UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROY MATHEW, JAYSON YESUDASAN, ABDUR
HOWLADER, MIAH SALIM MOHAMMAD         Docket No. 17-cv-9870 (RWS)
individually and on behalf of all others similarly
situated,

                              Plaintiffs,

     -against-

SMZ IMPEX, INC., FARM AND GROCERY, INC.
KUSUM SHAH, individually, BHARAT SHAH,
individually, JIGAR SHAH, individually, MANGESH
SHAH, individually, and JAGESH SHAH, individually,

                              Defendants.
------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION

**BALLON STOLL BADER & NADLER, P.C**.
*Attorneys for Defendants*
729 Seventh Avenue – 17th Floor
New York, New York 10019
Telephone: 212-575-7900
Facsimile: 212-764-5060

On the Brief:

Marshall B. Bellovin, Esq. (MB5508)
Danielle Conn Rosenberg, Esq. (DR0625)

TABLE OF CONTENTS

Pages

PRELIMINARY STATEMENT ....................................................................................................1

FACTS ............................................................................................................................................1

ARGUMENT

    I.    PLAINTIFFS FAIL TO DEMONSTRATE AN ENTITLEMENT TO
          CONDITIONAL FLSA CLASS CERTIFICATION ............................................. 2

    II.   PLAINTIFFS HAVE APPLIED THE INCORRECT CASE LAW
          IN THEIR EFFORT TO SUPPORT THEIR POSITION .................................... 6

    III.  PLAINTIFFS ARE NOT ENTITLED TO THE DEFENDANTS' EMPLOYEES'
          CONTACT INFORMATION AND/OR NOTICE FOR THIS ACTION

CONCLUSION ..............................................................................................................................9

# TABLE OF AUTHORITIES

**Federal Court Cases**

Barfield v. New York City Health & Hosps. Corp.,
  No. 05-6319, 2005 WL 3098730, at, 1 (S.D.N.Y. Nov. 18, 2005) ............................................. 5

Briggs v. U.S.,
  54 Fed.Cl. 205 (Fed.Cl.2002) .................................................................................................... 5

Camper v. Home Quality Mgmt., Inc.,
  200 F.R.D. 516 (D.Md.2000) ..................................................................................................... 4

Charles v. Nationwide Mut. Ins. Co.,
  No. 09 CV 94 ARR, 2010 WL 7132173 (E.D.N.Y. May 27, 2010) .......................................... 8

England v. New Century Fin. Corp.,
  370 F.Supp.2d 504 (M.D.La.2005) ............................................................................................ 5

Fasanelli v. Heartland Brewery, Inc.,
  516 F. Supp. 2d 317 (S.D.N.Y. 2007) .................................................................................... 7, 8

Garcia v. Four Bhd. Pizza, Inc.,
  No. 13 CV 1505 VB, 2014 WL 2211958 (S.D.N.Y. 2014) ....................................................... 8

Guillen v. Marshalls of MA, Inc. ("Guillen I"),
  750 F.Supp.2d 469, (S.D.N.Y.2010) .......................................................................................... 3

Heagney v. European Am. Bank,
  122 F.R.D. 125, 127 (E.D.N.Y.1988) ........................................................................................ 2

Hoffmann v. Sbarro, Inc.,
  982 F. Supp. 249 (SDNY 1997) ................................................................................................. 2

Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc.,
  No. 13-CV-60 ILG, 2013 WL 5132023, at 1 (E.D.N.Y) ................................................... 3, 5, 9

Khan v. Airport Mgmt. Servs., LLC,
  No. 10-CV-7735, 2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011) .............................................. 2

Laroque v. Domino's Pizza LLC,
  557 F.Supp.2d 346, 353 (E.D.N.Y.2008) ................................................................................... 3

New York v. St. Francis Hosp.,
  94 F.Supp.2d 423 (S.D.N.Y.2000) ............................................................................................. 4

Norita v. Northern Mariana Islands,
  331 F.3d 690 (9th Cir.2003) ....................................................................................................... 4

Prizmic v. Armour, Inc.,
  No. 05-CV-2503(DLI), 2006 WL 1662614, at, 1 (E.D.N.Y. 2006) ........................................... 9

Realite v. Ark Restaurants Corp.,
  7 F. Supp. 2d 303 (S.D.N.Y. 1998) ............................................................................................ 3

Sandate v. Makotek, LLC,
  2006 WL 4792782 (M.D. Fla. Sep. 28, 2006) ........................................................................ 5, 6

Schwed v. Gen. Electric Co.,
  159 F.R.D. 373 (N.D.N.Y.1995) ................................................................................................ 2

Universal Film Exchanges, Inc. v. Walter Reade, Inc.,
  37 F.R.D. 4 (S.D.N.Y.1965) ...................................................................................................... 4

Villanueva-Bazaldua v. TruGreen Ltd. Partners,
  479 F.Supp.2d 411 (D.Del.2007) ............................................................................................... 4

Zhao v. Benihana, Inc.,
  No. 01 CIV. 1297(KMW), 2001 WL 845000 at 1 (S.D.N.Y. May 7, 2001) ......................... 6, 7

**Federal Statutory Authorities**

29 U.S.C. §216(b) .............................................................................................................................. 1

**PRELIMINARY STATEMENT**

Defendants, SMZ Impex, Inc. ("SMZ"), Farm and Grocery, Inc. ("F & G"), Kusum Shah "Kusum"), Bharat Shah ("Bharat"), Jigar Shah ("Jigar"), Mangesh Shah ("Mangesh"), and Jagesh Shah ("Jagesh") (collectively "Defendants"), by and through their counsel, Ballon Stoll Bader & Nadler, P.C., respectfully submit this Memorandum of Law in opposition to Plaintiff's motion conditionally certify a collection action, pursuant to 29 U.S.C. §216(b), as well as opposition to Plaintiffs additional request for Court approval to circulate a notice of lawsuit to all current and former delivery persons, cashiers, watchmen, and all others similarly situated, who were employed by Defendants during the statutory period, and who were denied lawful wages, in violation of the Federal Labor Standards Act ("FLSA").

Plaintiffs have failed to demonstrate the bare factual showing required for conditional certification pursuant to the FLSA. To the contrary, Plaintiffs have filed an Amended Complaint and Declaration which merely recite, in conclusory terms that the Plaintiffs are similarly situated to other employees of the Defendants, without ever providing a factual basis to support these conclusions. (See Rosenberg Decl. Exhibit A, ¶¶ 11-13; Rosenberg Decl. Exhibit B ¶¶ 12-14; Rosenberg Decl. Exhibit C ¶¶ 9-11 [Plaintiffs Abdur Howlander; Roy Mathew; and Miah Salim Mohammad, respectively, referring to themselves "and other cashiers, as well as deliverymen and night watchmen" presumably arguing that they are similarly situated]) Thus, plaintiffs' motion for conditional collective certification pursuant to the FLSA must be denied.

Additionally, Because Plaintiffs fail to demonstrate their entitlement to conditional class certification, they are not entitled to Notice of same or any of the Defendants' employees' contact information.

1

## FACTS AND PROCEDURAL HISTORY

This action alleges Defendants improperly withheld salary, commissions, and over-time purportedly due to Plaintiffs in violation of the FLSA. Plaintiffs aim to bring this action on behalf of themselves and other employees of the Defendants who are purportedly "similarly situated" to Plaintiffs.

On or about December 18, 2017, Plaintiffs commenced this action by filing a Summons & Complaint against the Defendants. (See Rosenberg Decl. Exhibit D). On or about February 27, 2018, the Defendants joined issue by serving and filing an Answer to Plaintiffs' Complaint (Rosenberg Decl. Exhibit E). Plaintiffs filed a First Amended Complaint on July 10, 2018 (Rosenberg Decl. Exhibit F) and on August 31, 2018, Defendants filed an Answer to Plaintiffs First Amended Complaint (Rosenberg Decl. Exhibit G).

## ARGUMENT

**I. PLAINTIFFS FAIL TO DEMONSTRATE AN ENTITLEMENT TO CONDITIONAL FLSA CLASS CERTIFICATION.**

Although Plaintiffs state the Second Circuit's standard for conditional certification is "lenient" (*See*, Plaintiffs' Moving Papers, pg. 12), it is also true that certification "is not automatic." Instead, it is clear that the Court must find "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice." Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (SDNY 1997) (quoting, Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y.1988)); *see also*, Schwed v. Gen. Electric Co., 159 F.R.D. 373, 375-76 (N.D.N.Y.1995) (holding plaintiffs seeking certification must be able to "provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist").

The burden on the plaintiffs at the conditional certification stage is "not non-existent."

Khan v. Airport Mgmt. Servs., LLC, No. 10-CV-7735, 2011 WL 5597371, at 5 (S.D.N.Y. Nov. 16, 2011); Guillen v. Marshalls of MA, Inc. ("Guillen I" ), 750 F.Supp.2d 469, 480 (S.D.N.Y. 2010) ("In presenting evidence on the appropriateness of granting collective action status, the plaintiffs burden may be very limited, and require only a modest factual showing, but the burden is not non-existent and the factual showing, even if modest, must still be based on some substance.") (internal quotation marks and citations omitted); Realite v. Ark Restaurants Corp., 7 F. Supp.2d 303, 306 (S.D.N.Y. 1998) (the plaintiff must make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.")

The Court must find "some identifiable factual nexus that serves to bind the plaintiffs and potential class members together as victims of particular illegal practices." Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc., No. 13-CV-60 ILG, 2013 WL 5132023, at 1 (E.D.N.Y). Plaintiff must make a factual showing; "mere allegations in the complaint are not sufficient[.]"Laroque v. Domino's Pizza LLC, 557 F.Supp.2d 346, 353 (E.D.N.Y.2008).

Plaintiffs fail to overcome the most lenient standards necessary to meet their burden of demonstrating they are entitled to conditional class certification. Plaintiffs' Complaint, as well as the Declarations of Abdur Howlander, Roy Mathew and Miah Salim Mohammad, fall short of providing any meaningful factual basis from which the court can determine whether similarly situated potential plaintiffs exist. Plaintiffs' motion must be denied in its entirety.

Plaintiffs' conditional class certification pursuant to the FLSA will be denied by the court where allegations are not based on personal knowledge. Specifically, an affidavit or declaration that is not made on personal knowledge, but instead based on speculation -- information or belief, fails to set forth requisite facts that would be admissible in evidence for

3

class certification under FLSA. *See*, Universal Film Exchanges, Inc. v. Walter Reade, Inc., 37 F.R.D. 4, 5-6 (S.D.N.Y.1965); New York v. St. Francis Hosp., 94 F.Supp.2d 423, 425 (S.D.N.Y.2000) (testimony not based on personal knowledge is not admissible evidence); Norita v. Northern Mariana Islands, 331 F.3d 690, 697-98 (9th Cir.2003) (in FLSA action, plaintiffs' allegations of improper pay practices disregarded because not based on plaintiffs' personal knowledge).

In Camper v. Home Quality Mgmt., Inc., 200 F.R.D. 516, 520-521 (D.Md.2000), the plaintiffs alleged that their employer had a policy of deducting a daily meal break, but that plaintiffs frequently worked though their breaks and received no compensation for that time. Id. at 517. In support of their motion for nationwide conditional certification, the plaintiffs supplied two declarations from employees who worked at the same facility as the plaintiffs. Id. at 520. The declarants claimed their supervisors were aware of unpaid meal breaks and the policy was a nation-wide policy. The court held that plaintiffs failed to establish their supervisors possessed knowledge of uncompensated work outside of the Maryland facility. Id. at 520-21. Without showing the supervisors had knowledge of uncompensated work outside of the Maryland facility, the court held the plaintiffs had not shown that an unlawful policy or plan was applied outside their own facility. Id. The court denied the motion for nationwide certification. Id. at 521.

Certification was denied in other courts where plaintiffs failed to meet their burden of showing, through personal knowledge, that all members of the proposed class were "similarly situated." *See*, Villanueva-Bazaldua v. TruGreen Ltd. Partners, 479 F.Supp.2d 411, 415-16 (D.Del.2007) (refusing to grant nationwide certification where plaintiff failed to show that his experience at one local office was attributable to the employer nationally, despite his claim that

4

he had relevant conversations with non-local workers); England v. New Century Fin. Corp., 370 F.Supp.2d 504, 511 (M.D.La.2005) (denying plaintiffs' request for nationwide certification because they failed to show a nationwide illegal policy); Barfield v. New York City Health & Hosps. Corp., No. 05-6319(JSR), 2005 WL 3098730, at 1 (S.D.N.Y. Nov. 18, 2005) (denying plaintiffs motion for certification as a collective action under FLSA, as "plaintiff presents nothing but limited anecdotal hearsay to suggest that there is a widespread practice"); Briggs v. U.S., 54 Fed.Cl. 205, 207 (Fed.Cl.2002) (finding plaintiffs allegation that he was aware of workers in as many as five states who also failed to receive overtime pay insufficient to support "a national notice of action" because it offers no specific support for the allegation of a violation).

Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc., No. 13-CV-60 ILG, 2013 WL 5132023 (E.D.N.Y. 2013), is demonstrably on point. In Zheng, Plaintiff submitted only her pleadings and her own declaration in support of her motion for conditional class certification pursuant to the FLSA. Id. In opposition, the Defendant-Employer argued that plaintiffs' declaration contained "vague, conclusory and unsubstantiated claims," and provided "zero details regarding the other employees' claims to have observed." Id. at 3.

The Court agreed with the Defendant and held that Plaintiff "neither identifies these employees nor explains the basis for her observations. Instead, plaintiff merely restates her conclusory factual allegations in a variety of forms." Id. at 5. Further stating that Plaintiff and made "no effort to detail the precise mechanisms by which she observed any other clerk being injured." Id. at 5. Indeed, Plaintiffs "declaration... nothing more than anonymous hearsay statements that other employees suffered from the same...policy as did she." Id. at 5.

In Sandate v. Makotek, LLC, 2006 WL 4792782, at 3 (M.D. Fla. Sep. 28, 2006) the

Court stated, "[a] plaintiff's or counsel's belief in the existence of other employees who desire to opt in and 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify' certification of a collective action and notice to a potential class." Id. Moreover, "[c]ertification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit." Id.

Here, Plaintiffs' Amended Complaint along with the Declarations of Abdur Howlander, Roy Mathew and Miah Salim Mohammad are simply insufficient for Plaintiffs to meet the factual burden required for conditional class certification pursuant to the FLSA. Specifically, Plaintiffs' unverified Amended Complaint is nothing more than conclusory allegations based solely upon speculative assertions. There is no precise mechanism or factual connection referenced that could lend even a modicum of factual support to Plaintiffs' allegations.

Plaintiffs' Declarations are the same. They are comprised of conclusory self-serving hearsay allegations and speculation without detailing any articulable facts to support Plaintiffs' basis of knowledge of other employees' potential claims. (See also, Exhibit A, ¶¶ 11-13; Exhibit B ¶¶ 12-14; Exhibit C ¶¶ 9-11 Plaintiffs' unverified First Amended Complaint, along with the Declarations of Plaintiffs Howlander, Mathew and Mohammad, are based on factually unsupported conclusory allegations that fail to meet the "factual burden" required for them to be entitled to conditional class certification as a matter of law. As such, Plaintiffs' motion must be dismissed in its entirety.

## II. PLAINTIFFS HAVE APPLIED THE INCORRECT CASE LAW IN THEIR EFFORT TO SUPPORT THEIR POSITION

Plaintiffs' choice of law to support their position(s) goes against their argument that they entitled to class certification pursuant to the FLSA.

Plaintiffs cite to Zhao v. Benihana, Inc., No. 01 CIV. 1297 (KMW), 2001 WL 845000

at 1 (S.D.N.Y. May 7, 2001), for the proposition that Plaintiffs' "minimal factual burden" for certification of a conditional class pursuant to the FLSA could be met based on a movant's own "personal knowledge." Plaintiffs' assert Zhao can be relied upon in "'certifying collective action based upon one affidavit founded on plaintiff's "best knowledge."'(Plaintiffs' moving papers, p. 14). However, in Zhao, the Court relied upon much more than one affidavit based upon plaintiff's "best knowledge,"

In Zhao, the Court stated that "[i]n ruling, I rely on the parties' briefing, the affidavits of [the Plaintiff] and [the manager of the restaurant-defendant], and a copy of the disciplinary warning given to [the Plaintiff] by [the manager of the restaurant]." Id. at 1. As such, Plaintiff's "personal knowledge" was only a small part of the "factual basis" that the Court relied upon to grant conditional certification for a class action pursuant to the FLSA.

In the case at bar, Plaintiffs merely submit an Amended Complaint with allegations that do not support a factual nexus between the Plaintiffs and the alleged "similarly situated" employees. The declarations of Plaintiffs are substantially devoid of the required factual link or nexus. Plaintiffs supply self-serving, unreliable declarations of potential FLSA with no factual nexus and/or policy violations suffered by other employees by Defendants.

Plaintiffs also cite Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317 (S.D.N.Y. 2007) despite the fact that Fasannelli is not even remotely analogous to the instant matter. In Fasannelli, plaintiffs' motion for conditional class certification was supported by: (a) allegations within the Complaint that were support by a factual basis; and (b) nine (9) separate declarations regarding the purported policy or plan used by the Defendant employer in violation of the FLSA. Also in Fasanelli, when plaintiffs made their motion for conditional certification, eighteen (18) other employees had already decided to participate in the lawsuit.

Furthermore, in <u>Fasannelli</u>, the defendant/employer acknowledged there was a common policy that affected the plaintiffs. The declarations also revealed detailing variations in time clocked, time paid and time shaving, as well as four distinct identified individuals demonstrating a failure to pay overtime premium. <u>Id</u>. at 321.

Here, Plaintiffs have failed to provide any facts demonstrating a "common plan." Furthermore, clearly there has not been any employer concession of any common improper policy, as demonstrated in Defendants' declaration, nor have Plaintiffs provided anything resembling the detail provided by plaintiffs in <u>Fasannelli</u>. (*See*, Ex. H, Affirmation of Mangesh Shah ).

Additionally, in the instant matter, Plaintiffs also cite <u>Garcia v. Four Bhd. Pizza, Inc</u>., No. 13 CV 1505 VB, 2014 WL 2211958, at 2 (S.D.N.Y. 2014). Plaintiffs there submitted a Third-Amended Complaint, three (3) affidavits, and deposition testimony in support of their arguments seeking conditional class certification pursuant to the FLSA. No such submissions were made in the case at bar.

### III. PLAINTIFFS ARE NOT ENTITLED TO THE DEFENDANTS' EMPLOYEES' CONTACT INFORMATION AND/OR NOTICE FOR THIS ACTION

Plaintiffs have failed to satisfy the factual showing required to be entitled to conditional class certification, Plaintiffs are not entitled to the discovery of the Defendants' employees' contact information. "The threshold question in determining whether to order pre-certification discovery of the names and addresses of potential opt-in plaintiffs and whether to authorize notice to these employees desponds upon whether they are shown to be 'similarly situated' to the named plaintiff." <u>Charles v. Nationwide Mut. Ins. Co.</u>, No. 09 CV 94 ARR, 2010 WL 7132173, at 4 (E.D.N.Y. May 27, 2010). In order to satisfy this burden, courts consider "the nature of the named plaintiffs claims, and evidence that other potential class members have the

8

same job duties and assignments and are paid in the same manner as the named plaintiff." Id.

When Plaintiffs fail to make this modest showing, and instead submit, inter alia, declarations, affidavits, and pleadings that lack a factual basis and/or are conclusory in nature, the Discovery of employees' contact information should be denied. Id. at 7; Jin Yun Zheng at 8; Prizmic v. Armour, Inc., No. 05-CV-2503(DLI)(MDG), 2006 WL 1662614, at 1 (E.D.N.Y. 2006).

In the case at bar, as demonstrated above, Plaintiffs failed to meet the requirements for entitlement to conditional class certification pursuant to the FLSA. As such, Plaintiffs' request for the contact information regarding current employees of the Defendants should be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that Plaintiffs' motion for conditional collective certification and Notice pursuant to the FLSA must be denied, in its entirety.

Dated: New York, New York
        February 15, 2019

                                        BALLON STOLL BADER & NADLER, P.C.


                                        By:   s/Danielle Conn Rosenberg
                                              Marshall B. Bellovin, Esq. (MB5508)
                                              Danielle Conn Rosenberg (DR 0625)
                                              *Attorneys for Plaintiff*
                                              729 Seventh Avenue, 17th Floor
                                              New York, New York 10019
                                              (212) 575-7900

9